# CARMODY *v.* PATCHELL.

---

INFANTS; CONTRACTS; REPUDIATION.

1. A sufficient repudiation of an infant's contract occurs when, an action to that end having been brought in his favor during his infancy, he obtains leave to prosecute the suit in his own name on reaching his majority. (Following *Slater* v̇. *Rudderforth*, 25 App. D. C. 497.)

2. Money paid by an infant on a contract may be recovered by him after his repudiation of the contract on reaching his majority. (Following *Gannon* v. *Manning, ante,* 206.)

No. 2656. Submitted October 8, 1914. Decided November 2, 1914.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover money paid by plaintiff on an unexecuted contract for the purchase of certain real estate of the defendant.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for William Patchell, the plaintiff, appellee here, in the supreme court of the District of Columbia in an action instituted through his next friend, the plaintiff then being a minor, to recover money paid by the plaintiff on an unexecuted contract for the purchase of certain real estate of Francis S. Carmody, the defendant.  Before trial, the plaintiff, having attained his majority, obtained leave of the court to prosecute the action in his own right.

*Mr. Frederick C. Handy* for the appellant.

*Mr. Vernon E. West* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The first question presented by the assignments of error, namely, whether a minor may repudiate such a contract as is here involved during his minority, need not be determined, for the reason that before trial in the present case the plaintiff attained and suggested his majority, and evinced his desire to repudiate the contract by obtaining leave to prosecute the suit in his own name.  *Slater* v. *Rudderforth,* 25 App. D. C. 497.

The second question raised, namely, whether, after repudiation of such a contract, money paid thereon may be recovered, likewise has been determined adversely to the defendant's contentions.  *Gannon* v. *Manning, ante,* 206.

The judgment, therefore, must be affirmed with costs.

*Affirmed.*